United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE RCI HOSPITALITY HOLDINGS, INC. DERIVATIVE LITIGATION, | Master File No.: 4:26-cv-05892<br>(Consolidated with No. 4:26-cv-06222) |
| This Document Relates to:<br>ALL ACTIONS | |

## ORDER

Plaintiffs Douglas Snyder and Richard Barbin, Nominal Defendant RCI Hospitality Holdings, Inc. ("RCI"), and Defendants Eric S. Langan, Yura Barabash, Bradley Chhay, Luke Lirot, Elaine J. Martin, Arthur A. Priaulx, and Travis Reese filed a joint motion to temporarily stay the consolidated derivative action. The parties jointly move to temporarily stay the proceedings in this consolidated derivative action pending the resolution of proceedings in two factually related matters: *Hernandez v. RCI Hospitality Holdings, Inc.*, Case No. 4:25-cv-04477 (the "Securities Class Action") and *People v. Langan, et al.*, Index No. 73671/2025 (Sup. Ct. N.Y. Cnty.) (the "New York AG Action"). The motion is granted.

The Court orders as follows:

1. The consolidated derivative action is stayed and administratively closed without waiver of any claims, including any objection to forum or venue.

2. The consolidated derivative action will remain stayed and administratively closed until the latest of the following: (1) all Defendants file an answer in response to the securities class action complaint; (2) the securities class action is dismissed, with prejudice, and all appeals related thereto have been exhausted; (3) all motions to dismiss in the securities class action are denied; (4) trial commences in the New York AG Action; or (5) the New York AG Action is otherwise resolved, such as by dismissal or by agreement of the parties.

3. Defendants must promptly notify Plaintiffs of any related derivative actions or threatened related derivative actions on behalf of RCI, including any related books and records demands and any related litigation demands.

4. Defendants must contemporaneously produce to Plaintiffs' counsel copies of all documents produced pursuant to any books and records demand following execution of a mutually agreeable confidentiality agreement.

5. This order will apply to any shareholder derivative actions later instituted in or transferred to this court, which involve similar or related claims, or which are otherwise deemed related to the consolidated derivative action. Defendants expressly reserve all defenses and objections to any such actions later instituted, including all objections related to forum or venue.

6. If any other derivative complaint is later filed in or transferred to this court on behalf of Nominal Defendant RCI raising the same or similar issues against all or some of the Defendants, the parties must promptly: (1) serve an endorsed copy of this court's order upon attorneys for plaintiff in any such newly filed action; and (2) advise the attorneys for the plaintiff in any such newly filed action that that those attorneys must serve a copy of this court's order on any new defendant(s) and file proof of service of this with the court. Any objections to this order by the plaintiff in any newly filed action must be filed with the court

promptly, with a copy served on counsel for Plaintiffs and counsel for Defendants.

7. Plaintiffs reserve all claims and Defendants reserve all defenses. The parties waive any argument, and agree that they will not assert, that the passage of time during the pendency of this stay in any way prejudices any claims or defenses.

8. During the pendency of this stay, Defendants must include Plaintiffs in any mediation or formal settlement discussions in the securities class action and must include Plaintiffs in any mediation or formal settlement discussions with any purported plaintiff in any related derivative lawsuit or any related books and records demand or litigation demand proceeding.

9. During the pendency of the stay, Plaintiffs may file a consolidated complaint, but Defendants shall not be required to respond to any consolidated complaint during the stay.

10. After the stay is lifted, Defendants will not move to stay this derivative action in deference to any other related derivative action.

11. This action will be stayed and administratively closed, and no case management order issued, upon the court's entry of this order. Any party may move to lift the stay and reinstate the case to the active docket.

12. Within 15 days after the occurrence of any of the events in Paragraph 2, the parties must propose a date for a scheduling and status conference. No later than 7 days before that conference, the parties must confer and submit a proposed scheduling and docket control order.

Dated: September 25, 2026

Lee H. Rosenthal

The Honorable Lee H. Rosenthal
Senior United States District Judge